**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4759**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

MARY PENLAND,

Party-in-Interest – Appellant,

and

326 HANSA LANE GREER SC; 4318 EAST NORTH STREET; KENNETH C.
ANTHONY, JR.,

Parties-in-Interest,

v.

CHARLES W. PENLAND, SR.,

Defendant – Appellant,

v.

JERRY SAAD,

Receiver.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:05-cr-00710-HFF-1)

Submitted:  February 3, 2010        Decided:  March 18, 2010

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————————

Mary Penland, Charles W. Penland, Sr., Appellants Pro Se. Deborah Brereton Barbier, Assistant United States Attorney, Columbia, South Carolina; Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2006, Charles W. Penland, Sr. ("Penland"), entered into a plea agreement with the Government, in which he pled guilty to conspiracy to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 846 (2006), and two other offenses arising from his involvement in a conspiracy to distribute narcotics. In addition to a negotiated plea of 120 months' imprisonment, the parties agreed to a substantial property forfeiture, and the plea agreement itemized the real property, personal property, business entities, and cash assets to be forfeited. This appeal stems from the district court's July 2009 order directing transfer to the United States of the seized assets and the assets generated from the sale of the seized properties.

Penland's plea agreement contained a broad waiver-of-rights provision, which included a waiver of Penland's right to appeal the forfeiture order. On the same day Penland executed his plea agreement, his wife, Mary Penland, executed a "Forfeiture Agreement and Stipulation" ("Stipulation"), in which she "agreed to settle all right, title and interest [she] may claim in and to all such properties subject to forfeiture." In exchange, the Government agreed to release to Mary Penland four of the properties identified in the preliminary forfeiture

3

order.  At the end of the Stipulation, Mary Penland noted "she ha[d] consulted with counsel and ha[d] been fully advised of her rights and options in this matter."  The Stipulation was signed by Mary Penland and her attorney.

Following execution of the plea agreement and Stipulation, the district court conducted a thorough Fed. R. Crim. P. 11 hearing and accepted Penland's guilty plea.  At the end of the plea hearing, the district court questioned Mary Penland, who informed the court that she understood she was relinquishing her right and interest in the forfeited property and that she did so freely.

The district court entered a preliminary forfeiture order in June 2006.  The district court subsequently sentenced Penland to 120 months' imprisonment and incorporated the preliminary forfeiture order into the criminal judgment. Penland filed a notice of appeal of the criminal judgment.  In January 2007, the district court issued a final forfeiture order with respect to certain cash assets and vehicles.  Penland subsequently noted his appeal of that order.

Asserting the appellate waiver in Penland's plea agreement, the Government moved to dismiss Penland's appeal of his convictions and sentence.  This court consolidated the two appeals and granted the Government's motion to dismiss Penland's

appeal of his sentence and the forfeiture order.  Although we denied the motion to dismiss as to Penland's appeal of his convictions, we rejected the proffered ineffective assistance of counsel claim as legally insufficient on the record before us, and affirmed Penland's convictions.  See United States v. Penland, Nos. 06-5044, 07-4201, 2007 WL 2985299 (4th Cir. Oct. 15, 2007) (unpublished)

In July 2009, the district court entered a final order of forfeiture, directing that the proceeds generated from the sale of the seized properties and the title for any remaining properties be transferred to the United States.  The Penlands appealed.  In response, the Government filed a motion to dismiss Penland's appeal, arguing the appellate waiver in Penland's plea agreement precludes the appeal.

We grant the Government's motion and dismiss Penland's appeal of the final order of forfeiture because the issues raised therein have already been decided in the Government's favor.  In adjudicating Penland's direct appeal, this court concluded that Penland's guilty plea was knowingly and voluntarily entered and that the waiver-of-rights provision included appeals of the forfeiture order, and enforced the waiver against Penland.  These findings constitute the law of the case as to the issue of the voluntariness, scope, and

5

enforceability of the waiver, and thus those issues will not be reconsidered here. United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotation marks and alterations omitted); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"). Accordingly, we grant the Government's motion and dismiss Penland's appeal.

The Government's motion to dismiss does not include Mary Penland's appeal of the final order of forfeiture. In agreeing to the Stipulation, Mary Penland unequivocally relinquished "all right, title and interest" she may have had in the forfeited property. Now, nearly four years later, Mary Penland attempts to disavow the Stipulation. Her arguments do not persuade us to disregard the unambiguous language set forth in the Stipulation. Accordingly, we affirm the final order of forfeiture as it pertains to Mary Penland's interests in the forfeited properties.

For the foregoing reasons, we grant the Government's motion and dismiss Penland's appeal. Further, we affirm the

forfeiture order as to Mary Penland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>